UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Equal Employment Opportunity
Commission

    v.                                    Civil No. 07-cv-406-JD

Freudenberg-NOK General
Partnership

### O R D E R

This matter is before the court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") motion to quash subpoenas and for protective order. (document no. 12). Defendant Freudenberg-NOK General Partnership ("FNGP") filed an objection to the motion to quash (document no. 13), and plaintiff EEOC filed a reply memorandum in further support of its motion. (document no. 17). The EEOC brings this action seeking redress on behalf of Timothy A. Poh under Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), relying on Mr. Poh's abortive attempt to seek employment with FNGP. Mr. Poh had applied for the position of Controller at FNGP's Bristol, New Hampshire's facility. The court has jurisdiction over this action, as the alleged unlawful employment

practices were committed here, and FNGP has continuously been engaged in an industry affecting commerce with at least 20 employees, within the meaning of the ADEA. See 29 U.S.C. § 630(b), (g) and (h). For the reasons set forth below, plaintiff's motion to quash and for protective order is denied.

## ANALYSIS

The EEOC has moved to quash three non-party deposition subpoenas *duces tecum* prepared by FNGP that are directed at former employers of Timothy Poh. It opposes the taking of these depositions as an unjustified fishing expedition not calculated to lead to the discovery of admissible evidence relevant to a claim or defense at issue. Further, EEOC points out that the court may limit discover if:

> the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii); see also Ford Motor Co. v. U.S., 84 Fed. Cl. 168, 172 (2008), (citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Fed. Prac. & Proc: Civil 2d, § 2008.1 (2d ed. 1994). The EEOC argues that any evidence sought is "after-acquired evidence" which FNGP cannot use to

justify its hiring decision and, therefore, should not be discoverable, citing McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360 (1995).  The deposition subpoenas seek all documents related to Timothy Poh's separation from employment with Mr. Poh's three preceding past employers:  Whatman, Inc., New Hampshire Ball Bearings, Inc., and Lakes Region Community Service Council.[1]  The EEOC contends this discovery is a cumulative, burdensome fishing expedition which would stigmatize Mr. Poh as an untrustworthy troublemaker and chill his chances for further employment.

FNGP counters that immediately preceding Mr. Poh's applying to FNGP, he had worked for three employees over a period of seven years.  He left two of those employments involuntarily. FNGP seeks to discover information regarding the reasons for Mr. Poh's separation from those employments.  FNGP contends that while the EEOC's back pay claim is modest, its front pay claim is significant, seeking over $130,000 in lost future wages, which appears to be based on the assumption that Mr. Poh would have continued to work for FNGP until December 2015.  It also appears

---

[1]FNGP had previously requested authorization to acquire employment records from Mr. Poh's past employers, which the EEOC refused to provide.

that Mr. Poh acquired replacement employment even before he was informed of the decision not to hire him.  FNGP argues that a long stretch of uninterrupted employment with the same employer would be inconsistent with Mr. Poh's recent employment history.  Because the calculation of lost future wages ultimately requires a prediction, FNGP deems the requested information clearly relevant to predict what, if any, lost future wages Mr. Poh may be entitled to receive.

In McKennon v. Nashville Banner Publ'g Co., the Supreme Court held that evidence of a plaintiff's wrongdoing discovered after the termination of employment was not relevant to the employer's liability for age discrimination, but could be relevant in determining what remedy was appropriate.  See id. 513 U.S. at 360-61; see also Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 101 (1st Cir. 1997); cf. Serafino v. Hasbro, Inc., 82 F.3d 515, 519 (1st Cir. 1996).  In particular, such evidence could be relevant to determine a damage award for front pay.  This limit on "after-acquired evidence" addressed the concern that employers might, as a routine matter, undertake extensive discovery into an employee's background or job performance to resist claims under the ADEA.  As a result, after-acquired

evidence is normally admissible just in relation to remedy, and not as to liability.  See Bowers v. Nat'l Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 528 n.12 (D.N.J. 2008) (citing Mardell v. Harleysville, 31 F.3d 1221,1228 (3rd Cir. 1994)).

FNGP represents that its discovery request is intended to obtain information to limit the possible damage award not to determine its liability.  Should the requested discovery prove to have been the fishing expedition that the EEOC foretells, there exist appropriate procedures to address such an eventuality. See McKennon, 513 U.S. at 362 (citing 29 U.S.C.§§ 216(b), 626(b)); see also Rivera v. NIBCO, Inc., 364 F.3d 1057, 1071-72 (9th Cir. 2004).  A court is required to allow reasonable discovery related to the equitable rights of the competing parties.  Although the EEOC argues that "we" already know Mr. Poh's work history and that the nature of the evidence sought is cumulative, I disagree. "We" do not know that work history, although the EEOC may.  This discovery has neither a chilling effect nor casts a pall on Mr. Poh's employment prospects.  The three subpoenas are circumscribed by the limited  request to seek only "all documents related to Timothy Poh's separation from employment...." Cf. Premer v. Corestaff Servs., L.P., 232 F.R.D. 692, 692 (M.D. Fla.

2005).  This discovery cannot be classified as a fishing expedition and is certainly not burdensome, beyond the normal burden associated with attending three, single-subject, non-party, Fed. R. Civ. P. Rule 30(b)(6) depositions.

Mr. Poh's claim for lost future wages is not insignificant. There appear to be conflicting versions of why Mr. Poh involuntarily left his previous employment, and those reasons could directly impact the lost future wages claim.  In such circumstances,

> [m]odern instruments of discovery serve a useful purpose . . . .  They together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. . . .  Only strong public policies weigh against disclosure.

Klonoski v. Mahlab, 156 F.3d 255, 268 (1st Cir. 1998) (quoting United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). The discovery sought is narrowly tailored and indeed the trial judge has broad discretion to tailor discovery narrowly.  See 8 Fed. Pract. & Proc. 2d at § 2008.1 (2008 Pocket Part) (citing Crawford-El v. Britton, 523 U.S. 574, 598 (1998)).  It is not unreasonable, not duplicative, not burdensome and not expensive.

At very least, if the EEOC wishes to tap the horn of Mammon, equity requires that FNGP be allowed to limit the spill.  Under

the circumstances before the court, I am inclined to follow the normal discovery route which makes it "'very unusual for a court to prohibit the taking of a deposition altogether.'" Iris Corp. Berhad v. U.S., 84 Fed. Cl. 489, 494 (2008) (quoting Salter, v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) and citing 8 Fed. Pract. & Proc. at § 2037 (1970)).  Contrary to the EEOC's argument, the requested discovery does not pollute the well "in a relatively small state like New Hampshire" and does not label Mr. Poh as an untrustworthy troublemaker, in anything but the jaundiced eye of a myopic focal lens.

   The EEOC's motion to quash and for protective order (document no. 12) is denied.

   **SO ORDERED.**

   _____
   Justo Arenas
   United States Magistrate Judge

Date: April 3, 2009

cc:   Arnold J. Lizana, III, Esq.
      Elizabeth A. Grossman, Esq.
      Markus L. Penzel, Esq.
      Robert D. Rose, Esq.
      Thomas M. Closson, Esq.