## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:07-cv-00406-JD |
| v. | ) ) | |
| FREUDENBERG-NOK GENERAL PARTNERSHIP, | ) ) ) | |
| Defendant. | ) ) | |

### CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (hereafter "EEOC") brought this action on December 19, 2007, pursuant to the Age Discrimination in Employment Act, as amended, (hereafter the "ADEA"), 29 U.S.C. Sec. 621 *et. seq*. The EEOC alleged that defendant Freudenberg-NOK General Partnership (hereafter referred to as "Freudenberg" or "Defendant") had discriminated against Timothy Poh (hereafter "Poh") by failing to hire him because of his age.

The EEOC and Freudenberg (hereafter "the parties") desire to compromise and settle the differences embodied in the aforementioned lawsuit, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between the EEOC and Freudenberg and its successors or assigns. The parties agree that it is in their mutual interest to resolve fully this matter without the costs, uncertainty, expense, and delay of further litigation.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1

I. **General Provisions**

1. The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree, or the jurisdiction of the federal district court to enforce this Decree and its terms.

2. This Consent Decree resolves and settles all issues concerning alleged discrimination by Freudenberg through the date of this Consent Decree which were raised in the Complaint filed by the EEOC in this case and in the administrative charge filed by Timothy Poh. The Parties agree and understand that this Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Freudenberg and to commence civil actions on any such charges.

3. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court.

4. This Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaints.

5. This Consent Decree shall become effective upon its entry by the Court (the "effective date").

6. Each party shall bear its own costs and attorney fees, unless otherwise specified.

7. The parties agree that this Consent Decree constitutes the complete agreement between them, and it supersedes all rights, obligations, negotiations, representations, and writings prior to the date of this Consent Decree. By mutual consent of the parties, this Consent Decree may be amended in the interest of justice and fairness and to facilitate execution of the Decree's provisions. No waiver, modification, or amendment of any provision of this Consent

Decree shall be effective unless made in writing, approved by all parties to this Consent Decree, and approved or ordered by the Court.

8. This Consent Decree is binding upon the third party purchasers, successors, and assigns of any of Defendant's New Hampshire facilities. Before executing an agreement to sell or assign any of Defendant's New Hampshire facilities to a third party, such that the third party and not the Defendant is the surviving entity, Defendant must provide written notice and a copy of this Consent Decree to the third party. Defendant must provide written notice to EEOC thirty days, or if thirty days is not possible, then as soon as practicable, prior to the effective date of any such purchase, assignment, or succession.

## II. Injunctive Relief

1. Defendant, its successors, assigns, purchasers, and managers, officers and agents acting on behalf of Defendant are hereby enjoined from violating the ADEA, including, but not limited to, discriminating against any individual because of the individual's age or subjecting employees to differential treatment regarding the terms and conditions of employment on the basis of their age.

2. Defendant, its successors, assigns, purchasers, and managers, officers and agents acting on behalf of Defendant are hereby enjoined from retaliating against any individual because that individual is a beneficiary of this Decree, has filed a complaint, or has provided information, assistance, or participated in any other manner in the investigation or litigation of this matter.

3. Defendant, its successors, assigns, purchasers, and managers, officers and agents acting on behalf of Defendant shall, in offering any consideration in exchange for a waiver of rights under the ADEA, comply with the requirements of 29 CFR §§1625.22 and 1625.23.

III. **MONETARY RELIEF**

    1.    Defendant shall pay Timothy Poh a total of $80,000 to be allocated as follows: one check in the amount of $20,000 for alleged lost wages, and one check in the amount of $60,000 for alleged other financial losses and liquidated damages. The amount for alleged lost wages shall be subject to lawful withholding and a Form W2 shall issue for this amount; provided that Mr. Poh executes an IRS form W-9 certifying that he is not subject to any backup withholding, no withholding shall be made from the amount for the other alleged losses, and a Form 1099 shall issue for this amount.

    2.    Payment shall be made by delivering the two checks referenced above, payable to Timothy Poh, in the total amount of $80,000, less lawful withholdings, to 9 Beech Hill Road, Meredith, NH 03253, by United States Postal Service, certified mail receipt. Payment shall be made within fourteen (14) days of Defendant's receipt of the release attached as Exhibit C signed by Mr. Poh or the effective date, whichever is later.

    3.    Copies of the check and withholding forms shall be delivered to Markus L. Penzel, EEOC, JFK Federal Building, Room 475, Boston, MA 02203, at the same time they are sent to Mr. Poh.

IV. **Non-Monetary Relief**

    A.    **Posting**

    1.    No later than seven (7) days after the effective date, Defendant shall post at its Bristol, New Hampshire facility, in the location where notices for general distribution are normally posted, a copy of the remedial notice attached hereto as Exhibit "A" printed on its letterhead and signed by the General Manager of its Components Division, which division

4

operates the Bristol, New Hampshire facility. Said notice shall remain posted for the duration of this Decree.

B. **Anti-discrimination Policy**

1. Within 15 days of the effective date, Defendant will implement and maintain the written policies and procedures prohibiting employment discrimination, including age discrimination and retaliation, attached as "Exhibit B." Exhibit B shall be included in any employee manual or other policy handbook maintained by Defendant, and it shall be posted on Defendant's internal web-site, if any.

2. Defendant will distribute a copy of the written policies and procedures described in Exhibit B to all of its employees at its New Hampshire facilities within 15 days of the effective date, and shall distribute a copy of the written policies and procedures to all employees thereafter hired or transferred into any of its New Hampshire facilities within 15 days of the commencement of their employment in New Hampshire. The Defendant will not change these policies and procedures unless such change is necessitated by amendment to the applicable State or Federal anti-discrimination statutes, including the ADEA.

C. **Training**

1. (a) Within two months of the effective date, and two years thereafter, Defendant will provide all of its managers and supervisors at its New Hampshire facilities with no fewer than two hours of training in federal laws prohibiting age discrimination in employment. This training shall also cover all of Defendant's own anti-discrimination policies.

(b) In addition, after the effective date and during the term of this Decree any (i) new managers or supervisors hired, promoted, or transferred to operations at Defendant's New Hampshire facilities, or (ii) any non-United States citizen transferred from overseas to work

in the United States who is directly involved in the hiring process, shall receive within one month of hire, promotion, or transfer, no fewer than two hours of training in federal laws prohibiting age discrimination in employment. This training shall also cover all of Defendant's own anti-discrimination policies.

     2.     The initial anti-discrimination training session required in Section IV.C.1(a) above will be a live session, conducted by either Thomas M. Closson, Esq. or Deborah A. Kop, Esq. The subsequent training session, and the interim training of new managers and supervisors and incoming non-United States citizens who are directly involved in the hiring process, may be accomplished by others means, including, but not necessarily limited to an audio presentation by Deborah A. Kop, Esq., with accompanying written materials, slides or video material. Nothing in this Agreement will prevent the Defendant from providing training in format(s) other than those specifically listed above with the prior approval of the EEOC, which approval shall not be unreasonably withheld.

     3.     Defendant will maintain attendance records identifying the name and job title of the attendees at each session. Within fifteen days of the training, Defendant will forward to EEOC a copy of the attendance records from the training session.

     4.     At least thirty (30) days prior to the training sessions required in Section IV.C.1(a) above, Defendant will provide the EEOC notice of the date, time, and location of the scheduled training. The EEOC, at its discretion, may attend and observe one or more of the training sessions and may provide recommendations to be implemented by the trainer.

     **D.**     **MONITORING**

     1.     The EEOC has the right to monitor and review compliance with this Decree.

2. On or before six months from the effective date, and every six months thereafter, Defendant shall submit written proof via affidavit to the EEOC that they have complied with the above requirements.

3. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein.

**V. Term of Decree**

This Decree will remain in effect for three (3) years from the effective date. If the EEOC has notified Defendant in writing not less than 15 days in advance of the termination of the Decree that Defendant is not in compliance with any sections of the Decree, Defendant's obligations under the Decree shall remain in effect until the EEOC determines Defendant is in compliance.

SO ORDERED, ADJUDGED AND DECREED.

Signed this  18  day of  Aug. , 2009

/s/ Joseph A. DiClerico, Jr.
Judge

APPROVED IN FORM AND CONTENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696
Elizabeth.Grossman@eeoc.gov

7

       _s/ Markus L. Penzel_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506
(617) 565-3193
markus.penzel@eeoc.gov


Freudenberg-NOK General Partnership


_s/Thomas M. Closson_____
By its attorney
Thomas M. Closson
NH Bar #9966
Flygare, Schwarz & Closson, PLLC
11 Court Street, PO Box 439
Exeter, NH 03833
(603) 778-7300
 tclosson@nhlaborlaw.com

# EXHIBIT A

# NOTICE

1. This NOTICE to all employees of Freudenberg-NOK General Partnership's Bristol New Hampshire facility is being posted and provided as part of a Consent Decree between Freudenberg-NOK General Partnership and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, which resolved a complaint of age discrimination in hiring. Among other relief, the Consent Decree required Freudenberg-NOK General Partnership to implement new anti-discrimination policies and training. Freudenberg-NOK General Partnership, as part of the resolution of this matter, will not discriminate against any individual because of the individual's age.

2. Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color, age, disability, or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.

3. Freudenberg-NOK General Partnership will comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges, cooperating with the U.S. Equal Employment Opportunity Commission, or by otherwise opposing employment practices made unlawful under federal law.

4. The Equal Employment Opportunity Commission maintains offices throughout the United States. Its toll-free telephone number is 1-800-669-4000.

5. This NOTICE will remain posted until *3 YEARS FROM DATE OF SIGNATURE.*

SIGNED this ___ day of _____, 2009.

_____
Dean Laughy,
General Manager
Components Division

*DO NOT REMOVE THIS NOTICE UNTIL 3 YEARS FROM DATE OF SIGNATURE*

9

**EXHIBIT B**

**NON-DISCRIMINATION AND ANTI-HARASSMENT POLICY**

Purpose.  Freudenberg-NOK values diversity in its workforce and believes that respectful, professional conduct furthers Freudenberg-NOK's mission, promotes productivity, minimizes disputes, and enhances our reputation.  This belief is reflected in Freudenberg-NOK's longstanding policy to offer fair and equal employment opportunity to every person regardless of race, color, religion, gender, national origin, age, disability, ancestry, veteran status, sexual orientation, or any other legally protected status (collectively "protected status") and to provide a work environment that is free of discrimination, including harassment or misconduct that is based on an associate's protected status.  Conduct which violates this policy has no place in the Freudenberg-NOK workplace and will not be tolerated.

Prohibited Conduct.  This policy prohibits:

●    Discrimination in Employment Decisions.  This policy prohibits discrimination against any associate, or any applicant for employment, based on such associate's or applicant's protected status.  Freudenberg-NOK is committed to making all employment decisions, including those concerned with recruitment, hiring, selection for training, promotion, compensation, job assignment, transfer, benefits, working conditions, discipline and termination, on the basis of individual merit and available facts, and not on discriminatory factors.

●    Harassment in Work Environment.  This policy forbids any associate, vendor, customer, or agent of Freudenberg-NOK from engaging in discriminatory or inappropriate conduct that affects an associate or applicant because of that associate's or applicant's protected status ("harassment") and also prohibits Freudenberg-NOK associates from engaging in such conduct in their work-related dealings with third parties.  Among the types of harassment prohibited by this policy are epithets, slurs, negative stereotyping, insensitive joking, intimidating acts, profanity, and the circulation or posting of written or graphic materials that show hostility toward individuals because of their protected status.

●    Sexual Harassment.  Sexual harassment is one form of harassment that deserves special mention.  Harassing conduct based on gender often is sexual in nature and often is between individuals of the opposite gender, but not always.  This policy forbids harassment based on gender regardless of whether the offensive conduct is sexual in nature and regardless of whether the individual engaging in the behavior is a different gender than the individual affected.  Examples of gender-based harassment forbidden by the policy include (1) unwelcome sexual oriented verbal kidding, teasing or jokes; (2) unwelcome sexual flirtations, advances or propositions; (3) graphic or degrading comments about an individual's appearance or sexual activity; (4) offensive visual conduct, including leering, making sexual gestures, the receipt, circulation, or display of offensive sexually suggestive written or graphic materials such as pictures, cartoons, video clips, or posters; (5) unwelcome or inappropriate pressure for sexual activity; (6) suggestive or obscene letters, notes or invitations; or (7) offensive physical contact such as patting, grabbing, pinching, or brushing against another's body.

- Certain Personal Relationships. In order to avoid the appearance of favoritism and conflicts of interest in the workplace, supervisors and managers at Freudenberg-NOK are not permitted to date or enter into a consensual personal relationship with a subordinate or member of the department in which they have responsibility. Any manager or supervisor who is engaged in a prohibited relationship must immediately report it to Human Resources so that one or both of the parties may be reassigned.

Associate Responsibility. Everyone at Freudenberg-NOK can help assure that our workplace is free from prohibited discrimination and harassment. Associates should ensure that all decisions related to our business are made on the basis of available facts and not on discriminatory factors. Where comfortable, associates should inform any person in the workplace whose conduct the associate finds offensive or unwelcome and ask that it be stopped. Any manager or supervisor who is aware of conduct inconsistent with this policy or who receives a report of conduct inconsistent with this policy should report it immediately to Human Resources.

Reporting Procedures. If you believe that you have experienced or witnessed any conduct that is inconsistent with this policy, you should immediately notify your supervisor, manager, facility human resources manager, division management, or human resources director.

Company Response. All reports of conduct which is inconsistent with this policy will be investigated. If the investigation reveals a violation of the policy, Freudenberg-NOK may take corrective action, including discipline up to and including dismissal, as appropriate under the circumstances.

Policy Against Retaliation. Freudenberg-NOK forbids retaliation against an associate or applicant for reporting discrimination or harassment, for assisting in making a report, or for cooperating in an investigation related to this policy. All associates who experience or witness any conduct they believe to be retaliatory should follow the reporting procedures above.

Confidentiality. Throughout its investigation and in imposing any discipline, Freudenberg-NOK will attempt to preserve the confidentiality of the parties to the extent possible.

Acceptance of Policy. All Freudenberg-NOK associates are expected to comply with this policy and to report any conduct inconsistent with the policy. If you have any questions concerning this policy, you should contact your human resources manager.

11

Policy Against Retaliation.  Freudenberg-NOK forbids retaliation against an associate or applicant for reporting harassment, for assisting in making a report, or for cooperating in an investigation related to this policy.  All associates who experience or witness any conduct they believe to be retaliatory should follow the reporting procedures above.

Confidentiality.  Throughout its investigation and in imposing any discipline, Freudenberg-NOK will attempt to preserve the confidentiality of the parties to the extent possible.

Acceptance of Policy.  All Freudenberg-NOK associates are expected to comply with this policy and to report any conduct inconsistent with the policy.  If you have any questions concerning this policy, you should contact your human resources manager.

## **EXHIBIT C**

WAIVER AND RELEASE

In consideration for $80,000.00 paid to me by Freudenberg NOK General Partnership in connection with the resolution of EEOC v. Freudenberg NOK General Partnership, 1:07-cv-00406-JD, I waive my right to recover for any claims of age discrimination arising under the Age Discrimination in Employment Act, as amended, that I might have had against Freudenberg NOK General Partnership prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Freudenberg NOK General Partnership, 1:07-cv-00406-JD. I understand that I have a reasonable time to consider this release and that I have the right to consult an attorney prior to signing this release.

Date: _____ Signature:_____
                                                                          Timothy Poh

13